IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jayun Elenai Harrison,<br><br>     Plaintiff,<br><br>v.<br><br>Kerwin Ruiz,<br><br>     Defendant. | Case No.: 25-cv-4880-SAL-SVH<br><br><br>**ORDER** |

In June 2025, Plaintiff Jayun Elenai Harrison, proceeding pro se, filed this action under 42 U.S.C. § 1983, raising claims concerning false statements allegedly made by officials while he was housed at Alvin S. Glenn Detention Center. United States Magistrate Judge Shiva V. Hodges authorized service and later entered a scheduling order giving the parties discovery and dispositive motion deadlines. *See* ECF Nos. 23, 32. On February 5, 2026, Defendant moved for summary judgment, and the court entered a *Roseboro* order explaining summary judgment to Plaintiff and giving him thirty-one days to file a response. [ECF Nos. 37, 38.] On March 12, 2026, having received no response, the magistrate judge issued an order directing Plaintiff to advise the court whether he wished to proceed in this case and warning him that his case could be dismissed for failure to prosecute if he did not respond. [ECF No. 40.] Plaintiff never filed a response in opposition to Defendant's motion, nor has he filed anything else in this case since Defendant filed its motion for summary judgment. On March 30, 2026, the magistrate judge issued a Report and Recommendation ("Report") in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending the court dismiss this action for failure to prosecute. [ECF No. 42.]

1

Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections. *Id.* at 3. Plaintiff has not objected to the Report, and the time to do so has expired.[1]

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify it, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Finding no clear error in the Report, ECF No. 42, it is adopted and incorporated. For the reasons discussed in the Report, this case is **dismissed** for failure to prosecute under Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

April 28, 2026                    Sherri A. Lydon
Columbia, South Carolina        United States District Judge

---

[1] The court has not received a notice of address change from Plaintiff, and the mail sent to Plaintiff has not been returned as undeliverable.